## C. H. WILLIAMS v. THE STATE.

1. Section 17 of the Act of May 22d, 1871, provides that any person buying or selling any hides with a brand or mark not ascertainable, or any hide branded after being skinned from the carcass, or taking or shipping the same out of the county, shall be fined, etc. Defendant was indicted for shipping out of the county certain hides, which had been branded after they were taken from the carcass; and at the trial offered in evidence a bill of sale of the hides, and an inspector's certificate that he had examined them. *Held*, that the evidence was irrelevant, and was properly excluded from the jury.
2. It is no defense to an indictment, for shipping out of a county hides which have been branded since skinning from the carcass, that they originally came from a county other than the one in which the indictment was found.

APPEAL from Kendall. Tried below before the Hon. J. N. Everett.

The facts of the case are sufficiently indicated by the head-notes and opinion.

*Jas. H. Burts*, for the appellant.

*Wm. Alexander*, *Attorney-General*, for the State.

OGDEN, J. There is no assignment of errors in the record of this case, but there is a bill of exceptions taken to the ruling of the court on the trial of the case, which was evidently intended as an assignment of errors. The exceptions relate to the exclusion by the court, from the jury, of a certain paper called a bill of sale, and a pretended certificate from the chief inspector of hides and animals. We think the court did not err in excluding this paper. The defendant was indicted for shipping certain hides which had been branded after they had been skinned from the carcasses of animals, and it was wholly immaterial whether the defendant had purchased the hides or not, and it was equally immaterial whether they had been in-

spected by any one, as he was not charged with shipping hides not his own, nor with shipping uninspected hides. This paper was not admissible as evidence of an inspection, because of the insufficiency of the certificate, in not identifying the hides or brands, or ownership of the hides ; and the signature of the inspector has no seal attached, which is a positive requirement of the statute ; besides, A. Duecher signs himself as Chief Inspector of Hides and Animals, but does not state for what county he is thus authorized to sign his name as inspector. We think the whole document has a very suspicious appearance, to say the least of it, and was properly excluded from the jury.

The other point raised by counsel for appellant is not well taken ; the testimony shows that appellant had the hides in the county where the indictment was found, and that he shipped the same out of that county ; and it matters but little where they originally came from, if he shipped them out of or through Kendall county contrary to law, he was indictable in that county. There is no error in the judgment of the lower court, and it is affirmed.

Affirmed.